**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4129**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS SANCHEZ-VILLA,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:23-cr-00056-D-RN-1)

---

Submitted:  November 14, 2024                                    Decided:  November 18, 2024

---

Before THACKER and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed in part and dismissed in part by unpublished per curiam opinion.

---

**ON BRIEF:**  Brian M. Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Sanchez-Villa pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. The district court sentenced Sanchez-Villa to 174 months' imprisonment, below his advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Sanchez-Villa's guilty plea is valid and whether Sanchez-Villa's sentence is reasonable. Sanchez-Villa has filed a pro se supplemental brief arguing that trial counsel rendered ineffective assistance. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Sanchez-Villa's plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine its enforceability" and "will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Carter*, 87 F.4th 217, 223-24 (4th Cir. 2023) (internal quotation marks omitted). "[A]n appellate waiver is valid if the defendant knowingly and voluntarily agreed to it." *Id.* at 224. To determine whether a waiver is knowing and voluntary, "we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *Id.* "When a district court questions a defendant during the [Federal] Rule [of Criminal Procedure] 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021).

2

Our review of the record confirms that Sanchez-Villa knowingly and voluntarily waived his right to appeal his conviction and sentence, with limited exceptions. We therefore conclude that the waiver is valid and enforceable and that Sanchez-Villa's challenge to the reasonableness of his sentence falls squarely within the scope of the waiver.

Sanchez-Villa's appellate waiver, however, does not bar our consideration of the validity of his guilty plea. *United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023). Because Sanchez-Villa did not attempt to withdraw his guilty plea, we review any challenge to the validity of the plea for plain error. *United States v. Kemp*, 88 F.4th 539, 545 (4th Cir. 2023). We conclude that the magistrate judge did not err, plainly or otherwise, in accepting Sanchez-Villa's plea. Indeed, the magistrate judge fully complied with Rule 11 and properly found that Sanchez-Villa's plea was knowing, voluntary, and supported by an independent factual basis. *See Taylor-Sanders*, 88 F.4th at 522.

Although Sanchez-Villa's ineffective assistance of counsel claims also fall outside the scope of the waiver, "we will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (alteration, emphasis, and internal quotation marks omitted). Because the present record does not conclusively show that trial counsel rendered ineffective assistance, Sanchez-Villa's claims are not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside of Sanchez-Villa's valid appellate waiver. We therefore grant the Government's motion in part and dismiss the appeal as to the issues within the scope of the waiver. We otherwise affirm the judgment. This court requires that counsel inform Sanchez-Villa, in writing, of the right to petition the Supreme Court of the United States for further review. If Sanchez-Villa requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sanchez-Villa.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4